WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Hutchinson, et al., | No. CV-25-00332-TUC-RM |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| v. | |
| QBE Insurance Group, et al., | |
| Defendants. | |

Plaintiffs Allen and Michell Hutchinson initiated this action in Pima County Superior Court (Doc. 1-3 at 5)[1] and filed a First Amended Complaint in that court on February 24, 2025 (*id.* at 26). Defendants Praetorian Insurance Company and QBE Insurance Group[2] removed the action to federal court on June 20, 2025. (Doc. 1; Doc. 1-4 at 85-88.)

**I.    Background**

In both their original Complaint and First Amended Complaint, Plaintiffs sued Praetorian Insurance Company, QBE Insurance Group, Brad Hansen, and Shawntae Hart, among other Defendants, asserting state-law claims for breach of contract and insurance bad faith. (Doc. 1-3 at 5, 12-13, 26, 33-34.) Plaintiffs alleged that they were residents of Arizona, as were Defendants Hansen and Hart. (*Id.* at 6, 27.)

Hansen filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Arizona Rules

---

[1] All record citations refer to the page numbers generated by this Court's electronic filing system.
[2] Defendant Praetorian Insurance Company avers that QBE Insurance Group is merely a trade name and not a proper party to this action. (Doc. 1 at 2 n.1.)

of Civil Procedure, arguing that Plaintiff's First Amended Complaint failed to state a claim against him upon which relief could be granted. (*Id.* at 53-64.) Plaintiffs opposed the Motion. (*Id.* at 85-91.) The state court took the Motion under advisement on May 12, 2025. (Doc. 1-4 at 64-65.) The removing Defendants aver that the state court granted Hansen's Motion to Dismiss on May 14, 2025. (Doc. 1 at 3.) However, the state-court record submitted by the removing Defendants does not contain an order resolving the Motion to Dismiss. The submitted state-court record contains a filing titled "Notice of Lodging," which indicates that Hansen lodged a proposed form of judgment on June 4, 2025 (Doc. 1-4 at 81-83), but the record does not contain the lodged form of judgment, nor does it contain an entry of judgment by the state court as to Hansen. On July 2, 2025, the state court issued an order finding that it lacked authority to act on the lodged judgment due to the removal of the action to federal court. (Doc. 6.)

Hart also filed a Rule 12(b)(6) Motion to Dismiss in state court (Doc. 1-4 at 21-34), which Plaintiffs opposed (*id.* at 42-48). Plaintiffs and Hart later provided notice that they had reached a settlement that they were working to finalize (*id.* at 74-75), and the state court thereafter denied Hart's Motion to Dismiss as moot (*id.* at 78-79). The submitted state-court record does not contain an entry of judgment as to Hart.

**II.   Discussion**

The district courts of the United States have original jurisdiction of all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" "Removal jurisdiction" is "strictly construed," and "[t]he burden of establishing federal jurisdiction falls on the party invoking removal." *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771, 773 (9th Cir. 1986).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "However, when an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'" *California v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). Under that rule, a case filed in state court that could not have been brought in federal court at the time of filing "must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'" *Id.* (quoting *Self v. General Motors*, 588 F.2d 655, 657-60 (9th Cir. 1978)). If a state court dismisses claims against a non-diverse defendant on the merits and over the plaintiff's opposition, the dismissal is involuntary and does not give rise to removal jurisdiction under the voluntary/involuntary rule. *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1256-59 (C.D. Cal. Mar. 31, 1986). Any removed case that "fails to satisfy the voluntary/involuntary test must be remanded for lack of federal subject matter jurisdiction." *Id.* at 1257-58. When subject matter jurisdiction is lacking, the district court has a duty to remand sua sponte. *Id.* at 1258; *see also* 28 U.S.C. § 1447(c).

Here, the removing Defendants concede that this action was not removable at the time it was filed because complete diversity did not exist between the parties, but they argue that complete diversity now exists given the state court's granting of Hansen's Motion to Dismiss and Plaintiffs' settlement with Hart. (Doc. 1 at 3.) In support of their argument that complete diversity now exists, Defendants rely on out-of-circuit cases discussing severed actions. (*See id.* at 3-4.) Defendants do not address the voluntary/involuntary rule, particularly as it relates to Hansen. Furthermore, as discussed above, the state-court record submitted by Defendants does not appear to contain an order by the state court dismissing Hansen, nor does it contain entries of judgment as to Hansen and Hart.

The Court will order the removing Defendants to show cause why this action should not be remanded to the state court for lack of subject-matter jurisdiction.

1  **IT IS ORDERED** that, within **fourteen (14) days** of the date this Order is filed, Defendants shall file a brief showing cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. Plaintiffs may file a responsive brief within **seven (7) days** of service of Defendants' brief. No additional briefing will be allowed absent further Order of the Court.

Dated this 3rd day of July, 2025.

_____
Honorable Rosemary Márquez
United States District Judge