WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Hutchinson, et al., | No. CV-25-00332-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| QBE Insurance Group, et al., | |
| Defendants. | |

Plaintiffs Allen and Michell Hutchinson, individually and as guardians of their minor children, initiated this action in Pima County Superior Court and filed a First Amended Complaint ("FAC") in that court on February 24, 2025. (Doc. 1-3 at 5, 26.)[1] Defendants Praetorian Insurance Company and QBE Insurance Group (jointly referred to hereafter as "Praetorian/QBE")[2] removed the action to federal court on June 20, 2025. (Doc. 1; Doc. 1-4 at 85-88.) On July 3, 2025, this Court ordered Praetorian/QBE to show cause why the case should not be remanded to state court. (Doc. 7.) Praetorian/QBE responded to the Order to Show Cause on July 17, 2025. (Doc. 9.)

**I.  Background**

In both their original Complaint and their FAC, Plaintiffs asserted claims for breach of contract and insurance bad faith against Praetorian/QBE; Millennial Specialty Insurance; Sedgwick Claims Management Services, Inc. ("Sedgwick"); Alacrity Solutions

---

[1] All record citations refer to the page numbers generated by this Court's electronic filing system.
[2] Praetorian Insurance Company avers that QBE Insurance Group is merely a trade name and not a proper party to this action. (Doc. 1 at 2 n.1.)

Group, LLC; Enservio, LLC; Brad Hansen; and Shawntae Hart. (Doc. 1-3 at 5, 12-13, 26, 33-34.) Plaintiffs allege that they are residents of Arizona, as are Defendants Hansen and Hart, who were at all relevant times employees of Sedgwick and Enservio respectively. (*Id.* at 6 ¶¶ 1, 3-6; *id.* at 27 ¶¶ 1, 3-6.) In the FAC, Plaintiffs allege that on July 30, 2023, lightning struck their home, resulting in damage to the dwelling and to Plaintiffs' personal property. (*Id.* at 29 ¶¶ 19-22.) Plaintiffs filed a claim with Praetorian/QBE for coverage under their homeowner's insurance policy. (*Id.* at 29 ¶ 23.) Hansen and Sedgwick were responsible for providing a final report that led Praetorian/QBE to undervalue the damage to Plaintiffs' home, while Hart and Enservio were responsible for providing a final report that led to the undervaluing of the damage to Plaintiffs' personal property. (*Id.* at 29-31 ¶¶ 25-35.) Plaintiffs allege that all Defendants "acted with a common purpose, community of interest, and in joint enterprise" in handling Plaintiffs' insurance claim and policy. (*Id.* at 27-28 ¶¶ 7, 14.)

In state court, Hansen filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Arizona Rules of Civil Procedure, arguing that Plaintiff's FAC failed to state a claim against him because he is not an insurer and was not a party to Plaintiffs' insurance contract with Praetorian/QBE. (*Id.* at 53-64.)[3] Plaintiffs opposed the Motion, arguing that Praetorian/QBE hired Hansen as an agent to evaluate the cost of remediating damage to Plaintiffs' home, and that a joint venture existed between Praetorian/QBE and Hansen. (*Id.* at 85-91.) The state court granted the Motion to Dismiss on May 14, 2025, finding that the allegations of the FAC were insufficient to show that Hansen engaged in a joint venture with Praetorian/QBE. (Doc. 9-1.) Hansen lodged a proposed form of judgment, but Praetorian/QBE removed the case before the state court had acted on the request, and the state court thereafter issued an order finding that it lacked authority to act on the lodged judgment due to the removal of the action to federal court. (Doc. 1-4 at 81-83; Doc. 6.)

Hart also moved for dismissal on the grounds that she was not a party to Plaintiffs' insurance contract (Doc. 1-4 at 21-34), and Plaintiffs argued a joint venture theory of

---

[3] Hansen filed the Motion jointly with Sedgwick, but the Court focuses its analysis on Hansen as the resident Defendant.

- 2 -

liability in opposition (*id.* at 42-48).[4]  Plaintiffs and Hart later provided notice that they had reached a settlement that they were working to finalize, and the state court thereafter denied Hart's Motion to Dismiss as moot.  (*Id.* at 74-75, 78-79).  Hart avers that, at the time Praetorian/QBE removed this case, Hart's settlement had not been finalized and approved, no stipulation of dismissal had been filed, and the state court had not entered a judgment dismissing Hart.  (Doc. 8.)

**II.     Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"  The district courts of the United States have original jurisdiction of all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a)(1).

"Removal jurisdiction" is "strictly construed" and "[t]he burden of establishing federal jurisdiction falls on the party invoking removal." *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771, 773 (9th Cir. 1986).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. July 7, 2006).  When subject matter jurisdiction is lacking, the district court has a duty to remand sua sponte. *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1258 (C.D. Cal. Mar. 31, 1986); *see also* 28 U.S.C. § 1447(c).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "However, when an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'" *California ex rel. Lungren*

---

[4] Hart filed the Motion jointly with Enservio, but again, the Court focuses its analysis on the resident Defendant, Hart.

*v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993).  Under that rule, a case filed in state court that could not have been brought in federal court at the time of filing "must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'"  *Id.* (quoting *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)).  If a state court dismisses claims against a non-diverse defendant on the merits and over the plaintiff's opposition, the dismissal is involuntary and does not give rise to removal jurisdiction under the voluntary/involuntary rule.  *Strasser*, 631 F. Supp. at 1256-59.  Any removed case that "fails to satisfy the voluntary/involuntary test must be remanded for lack of federal subject matter jurisdiction."  *Id.* at 1257-58.

If a resident defendant has been fraudulently joined to a lawsuit, the sham defendant's presence in the litigation will be disregarded for purposes of determining whether complete diversity exists between the parties.  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  A defendant's joinder is fraudulent "[i]f the plaintiff fails to state a cause of action" against the defendant, "and the failure is obvious according to the settled rules of the state[.]"  *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003).  "[T]he test[s] for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Grancare, LLC*, 889 F.3d at 549.  To establish fraudulent joinder, a removing defendant must show not only that the complaint fails to state a claim against the resident defendant, but that the resident defendant "cannot be liable on any theory."  *Id.* at 548.[5]  "[T]he standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  Because "there is a general presumption against finding fraudulent joinder," a "defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden."  *Id.* (internal quotation and alteration marks omitted).  "Any doubt as to whether the plaintiff has stated a valid cause of action under the laws of the state should be resolved in favor of

---

[5] A removing defendant may also establish fraudulent joinder by showing "actual fraud in the pleading of jurisdictional facts."  *Id.*  Here, Praetorian/QBE do not attempt to make that showing.

the case being retained by the state court." *Allo v. Am. Fam. Mut. Ins. Co.*, No. CV-08-0961-PHX-FJM, 2008 WL 4217675, at *2 (D. Ariz. Sept. 12, 2008).

**III.   Discussion**

Praetorian/QBE concede that this action was not removable at the time it was filed because complete diversity did not exist between the parties. (Doc. 1 at 3; Doc. 9 at 2.) Praetorian/QBE argue that complete diversity arose after the state court granted Hansen's Motion to Dismiss and Plaintiffs settled with Hart. (Doc. 1 at 3; Doc. 9 at 2.) In their response to this Court's Order to Show Cause, Praetorian/QBE do not contest that Hansen's dismissal from this case was involuntary under the voluntary/involuntary test. (*See* Doc. 9.) However, they argue that it does not matter whether the dismissal was involuntary because Hansen was fraudulently joined as a defendant. (*Id.* at 3-6.) In support of their position that Hansen was fraudulently joined, Praetorian/QBE argue that Hansen cannot be liable for breach of contract or bad faith because he is not an insurer and was not a party to Plaintiffs' insurance contract. (*Id.* at 4-5.) Praetorian/QBE further argue that Plaintiffs cannot assert a claim against Hansen under a joint venture theory of liability because they do not allege that he had any responsibilities in creating or servicing their insurance contract. (*Id.* at 5-6.)

The state court found that Plaintiffs' FAC failed to state a claim against Hansen. (Doc. 9-1 at 7-8.) However, that ruling does not resolve the issue of whether Plaintiffs fraudulently joined Hansen as a defendant, because the standard for evaluating whether a complaint states a claim on which relief can be granted is not the same as the standard for evaluating whether a resident defendant has been fraudulently joined. *See Grancare*, 889 F.3d at 548.

Under Arizona law, an agent who enters into a joint venture with an insurer may be liable for insurance bad faith despite a lack of contractual privity with the plaintiff. *See Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1138 (Ariz. 1982); *Farr v. Transamerica Occidental Life Ins. Co. of Cal.*, 699 P.2d 376, 386 (Ariz. App. 1984). The existence of a joint venture is normally an issue "for the trier of fact." *Helfenbein v. Barae*

- 5 -

*Inv. Co.*, 508 P.2d 101, 104 (Ariz. App. 1973). Given ambiguity in Arizona law, numerous cases within this district have held that an insurance adjuster sued for bad faith was not fraudulently joined. *See, e.g., IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 753 (D. Ariz. 2012) ("judges have repeatedly concluded that the law surrounding the viability of a bad faith claim against an insurance adjuster is unsettled in Arizona"); *Ballesteros*, 436 F. Supp. 2d at 1079 ("it is unclear in Arizona whether Kopin, who is employed by ASI as an adjuster, could be held liable for bad faith"); *Allo*, 2008 WL 4217675, at *3 (recognizing ambiguity in Arizona law).

Praetorian/QBE rely on *Walter v. Simmons*, 818 P.2d 214 (Ariz. App. 1991) and *Meineke v. GAB Business Services., Inc.*, 991 P.2d 267 (Ariz. App. 1999). (Doc. 9 at 4-5.) However, neither case supports the argument that Plaintiffs fraudulently joined Hansen to defeat diversity jurisdiction. In *Walter*, the plaintiff voluntarily dismissed breach of contract and bad faith claims against an independent insurance adjuster, and that voluntary dismissal was not at issue on appeal. *See Walter*, 818 P.2d at 217, 222; *see also Ballesteros*, 436 F. Supp. 2d at 1077 n.7; *IDS Prop. Cas. Ins. Co.*, 913 F. Supp. 2d at 753. In *Meineke*, the court evaluated a negligence claim and did not address whether a party to an insurance contract can sue the insurer's adjuster for bad faith. *See* 991 P.2d at 270-71; *see also Ballesteros*, 436 F. Supp. 2d at 1077.

Given the ambiguities in Arizona law on the issue, Plaintiffs had at least a reasonable basis for concluding that a claim against Hansen could proceed. Accordingly, Plaintiffs' joinder of Hansen was not fraudulent. Furthermore, the dismissal of Hansen from this lawsuit did not result from a voluntary act of Plaintiffs and, therefore, under the voluntary/involuntary test, the dismissal did not render this case removable. *See Strasser*, 631 F. Supp. at 1256-59. Because Hansen was not fraudulently joined and his dismissal did not result from a voluntary act of Plaintiffs, the Court lacks removal jurisdiction and will sua sponte remand this matter to state court.[6]

---

[6] Given the Court's analysis with respect to Hansen, the Court need not evaluate the effect on the existence of complete diversity of Plaintiffs' non-finalized settlement with the other resident Defendant, Hart.

- 6 -

**IT IS ORDERED** that the above-captioned matter is **remanded** to the Pima County Superior Court (case number C20250339) for lack of removal jurisdiction. The Clerk of Court is directed to mail a certified copy of this Order to the Clerk of the Pima County Superior Court, and to close this case.

Dated this 14th day of August, 2025.

_____
Honorable Rosemary Márquez
United States District Judge